IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2017

**KENNETH TUCKER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 14-04391          J. Robert Carter, Jr., Judge

_____

**No. W2016-01967-CCA-R3-PC**

_____

Petitioner, Kenneth Tucker, appeals the post-conviction court's dismissal of his post-conviction petition alleging ineffective assistance of counsel. After a review, we determine Petitioner has failed to establish that he received ineffective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Shannon M. Davis, Memphis, Tennessee, for the appellant, Kenneth Tucker.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Leslie Fouche, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In July of 2014, Petitioner and Allen Neasby were indicted for one count of aggravated robbery, one count of aggravated burglary, and one count of employing a firearm during the commission of a dangerous felony. Both Petitioner and Mr. Neasby entered guilty pleas to one count of aggravated robbery and one count of aggravated burglary. Count Three of the indictment, employing a firearm during the commission of

a dangerous felony, was dismissed.[1]  In exchange for the entry of the guilty pleas in Counts One and Two, Petitioner received an effective sentence of eight years to be served at 85%.

At the guilty plea hearing, the factual basis for the plea was established by the State.  Both Petitioner and Mr. Neasby stipulated that they entered the female victim's home at night, pointed a gun at the victim, and demanded money.  When the victim refused, she was struck in the face with the handgun, breaking her cheekbone.  The victim eventually gave in to the demands by handing over the cash from her purse.  The men ransacked portions of her home before running from the scene.  Mr. Neasby was identified as a suspect, and the victim confirmed his identity after picking him out of a photographic lineup.  Mr. Neasby confessed and named Petitioner as his accomplice.  The victim was also able to identify Petitioner.

Petitioner filed a timely pro se petition for post-conviction relief.  In the petition, he claimed that the guilty plea was unknowing and involuntary, his confession was coerced, the conviction was based on evidence obtained pursuant to an unlawful arrest, the conviction was based on the unconstitutional failure of the prosecution to disclose evidence favorable to the defense, and he received ineffective assistance of counsel.  Counsel was appointed, and an amended petition was filed.  In the amended petition, Petitioner alleged the following with regard to ineffective assistance of counsel: (1) counsel failed to properly investigate the case and interview witnesses; (2) counsel did not provide discovery to Petitioner; (3) counsel failed to "do her due diligence in defending the [Petitioner]"; and (4) counsel failed to challenge the arrest as unconstitutional.  Petitioner also alleged prosecutorial misconduct during the preliminary hearing.

At the hearing on the petition for post-conviction relief, Petitioner admitted that he entered guilty pleas to aggravated robbery and aggravated burglary in exchange for a sentence of eight years.  However, he claimed trial counsel was "defiant from the beginning," withholding the discovery materials from Petitioner.  Petitioner claimed that he was unaware Mr. Neasby had signed a confession.  Petitioner maintained his innocence, claiming that he "gave [trial counsel] witnesses and alibis that she needed to subpoena to court, that she needed to even contact," and trial counsel failed to do so.  Petitioner maintained that trial counsel's failure to investigate, secure witnesses, and provide discovery put him in "duress."  Petitioner explained that trial counsel told him

---

[1] The record does not include a judgment form for Count Three of the indictment.  Instead, the "Special Conditions" box on Counts One and Two states: "Count 3 NP/NC."  On remand to the post-conviction court, the court should ascertain whether a judgment form exists for Count Three of the indictment.  If no such judgment form exists, one should be entered reflecting the disposition of Count Three.  *See State v. Davidson*, 509 S.W.3d 156, 217 (Tenn. 2016) (requiring a trial court to prepare a uniform judgment document for each count of the indictment).

this plea offer was the "best" deal he could get and that he had "to sign for this eight-year sentence for something [he] didn't do." Petitioner claimed trial counsel told him if he successfully completed a year of incarceration he could get "special parole." Petitioner testified that this promise of "special parole" led him to sign the plea agreement.

Petitioner admitted on cross-examination that trial counsel gave him the address for a website on which he could read his discovery materials. Petitioner claimed that he attempted to access the materials on his telephone but was unable to do so because he did not have a computer. Petitioner "tried to send a message" to trial counsel through the website in which he requested a paper copy of discovery. Petitioner did not think that the message went through. Petitioner did successfully send a message to trial counsel to "call him" via the website but claimed that he "never even got any replies from the message that [he] sent [her] on the website."

Petitioner admitted that he discussed the plea with trial counsel, his fiancée, and his father but claimed that he did not recall hearing the prosecutor read the plea aloud. Petitioner thought that he would be eligible for "special parole" in one year and claimed that he "wouldn't have signed the guilty plea" if he knew that parole was not possible. Petitioner explained that by "special parole," he meant that he would petition the trial court to suspend the remainder of his sentence. Petitioner was afraid that his bond would be revoked and he would miss the birth of his child if he did not plead guilty and instead went to trial. However, Petitioner also admitted that he understood that he was pleading guilty to an eight-year sentence.

Trial counsel testified that she was retained to represent Petitioner. She recalled giving Petitioner access to the discovery materials on a website called "My Case." Petitioner logged in to the website and "could access it at any time 24 hours a day." Petitioner used the website to communicate with trial counsel. Trial counsel insisted that Petitioner "never" gave her the name of an alibi witness.

Trial counsel testified that Petitioner was originally charged with especially aggravated robbery and especially aggravated burglary, but when the case was indicted, the "especially" designation was dropped. Trial counsel entered into negotiations with the State, who initially offered "nine years and eight years concurrent," and if Petitioner "did not want the offer, then [the State] would seek a superseding indictment back to the . . . especially aggravated robbery and especially aggravated burglary."

Chandra Black, Petitioner's fiancée, testified at the hearing. She did not recall seeing discovery materials. In fact, she testified that she called trial counsel's office on at least one occasion but never received a return call. She testified that trial counsel did not give Petitioner any other options but pleading guilty. She was unaware of any alibi witnesses.

The post-conviction court took the matter under advisement. In an order entered on August 8, 2016, the post-conviction court denied relief. Specifically, the post-conviction court determined that Petitioner did not prove his allegation that trial counsel "failed to investigate his witnesses," in part because "he present[ed] no witnesses for th[e] court to demonstrate what counsel failed to uncover." Additionally, the post-conviction court determined that the record supports the testimony of trial counsel that there was discussion about the ramifications of the guilty plea prior to its entry. The post-conviction court found this was supported by the plea colloquy and determined that Petitioner entered a "free and voluntary guilty plea that was knowingly and intelligently entered." The post-conviction court did not accredit Petitioner's testimony with regard to the "secret 'special parole' agreement." In short, the post-conviction court determined Petitioner failed to meet his burden.

Petitioner filed a timely notice of appeal.

*Analysis*

*A. Standard of Review*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

*B. Ineffective Assistance of Counsel*

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective

assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result, *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner claims on appeal that trial counsel failed to "explain the case and the witnesses against him," evidenced by her failure to thoroughly investigate alibi witnesses.

Trial counsel testified at the hearing that she gave Petitioner access to his discovery materials through her website "My Case" and that Petitioner was able to communicate with her through the website by sending her messages. Trial counsel did not recall Petitioner's giving her the name of any alibi witnesses. The post-conviction court assessed the evidence before it and found the record appeared to demonstrate that trial counsel did in fact discuss with Petitioner the facts of this case. The trial court quite obviously believed trial counsel's testimony over Petitioner's. The evidence does not preponderate against this finding. Moreover, Petitioner bears the burden of producing the alibi witness that he claims trial counsel was ineffective for failing to present to the trial court. *See Black v. State*, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990). Petitioner failed to do so and, thus, failed to prove either that trial counsel's performance was deficient or that he suffered any prejudice.

Petitioner also claims the post-conviction court erred by determining that trial counsel did not promise Petitioner "special parole." The evidence on this claim does not preponderate against the determinations of the post-conviction court. Petitioner admitted that he was present during the plea colloquy and agreed that he understood his sentence. The post-conviction court specifically accredited the testimony of trial counsel in this regard. Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE